UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP

SHANNESE GREENAWAY and
KAREL POWERY individually and
on behalf of all others similarly situated,

      CASE NO.:

     Plaintiff,

v.

      CLASS ACTION
APPLE-METRO, INC., d/b/a     REPRESENTATION
APPLEBEES; ZANE TANKEL
andROY RAEBURN

      COLLECTIVE ACTION
      REPRESENTATION

     Defendants.

---

## COLLECTIVE ACTION COMPLAINT
## FOR VIOLATION OF THE FLSA

---

Plaintiffs, Shannese Greenaway (hereinafter "Greenaway" or "Plaintiff") and KarelPowery (hereinafter "Powery" or "Plaintiff"), individually and on behalf of all others similarly situated who consent to their inclusion in this collective action, sue the above captioned Defendants, APPLE-METRO, INC. d/b/a APPLEBEES, ZANE TANKEL and ROY RAEBURN(hereinafter "Defendants"), for violations of the Fair Labor Standards Act, for failing to pay Plaintiffs and the Class'sovertime compensation at a rate of 1.5 times their regular rate of pay and alleges as follows:

### INTRODUCTION

1.     Plaintiffs allege on behalf of themselves and other current and former Hostesses and Waiters/Waitresses and similarly situated current and former employees holding comparable positions with different titles employed by Defendants who elect to opt in to

this action pursuant to the Fair Labor Standards Act, 29 USC § 216(b), (the Collective Action Class) that are (1) entitled to unpaid wages from Defendants for all hours worked by them as well as for overtime work for which they did not receive overtime premium pay, as required by law, and (2) entitled to liquidated damages pursuant to the FLSA 29 USC §201 et seq.

2.      Plaintiffs further complain, pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and a class of other similarly situated current and former employees of the Defendants employed within the State of New York (the New York Labor Law Class), that they are entitled to back wages from Defendants for all hours worked by them as well as for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §650 et seq. and the supporting New York State Department of Labor Regulations.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction over this action, pursuant to 29 U.S.C. § 201 et seq. and 28 U.S.C. § 1331.

4.      This Court has jurisdiction over the State Law claimpursuant to 28 USC §1367 since it is so related to the FLSA claim that it forms part of the same case or controversy.

5.      This Court has personal jurisdiction over Defendants because it is engaged in business within the State of New York, and the events complained of occurred in New York.

6.      Venue is appropriate in the Eastern District of New York pursuant to because the acts complained of by the Representative Plaintiff occurred in the Long Island, New York.

**PARTIES**

7.     Plaintiff, Shannese Greenaway, is an individual who resided in Queens Village, New Yorkand Rosedale, New York during all relevant times in this Complaint.

8.     Plaintiff,Shannese Greenaway, was employed by Defendants from 2009 until May 2011, as a hostess at Defendants' facility located at 38-01 35th Avenue, Long Island, NY 11101.

9.     Plaintiff KarelPowery, is an individual who resided in Queens, New York during all relevant times in this Complaint.

10.    Plaintiff,KarelPowery, was employed by Defendants from 2010 until December 2011, as a server at Defendants' facility located at 38-01 35th Avenue, Long Island, NY 11101.

11.    Defendant, Apple-Metro, Inc.,has a principal address of 550 Mamaroneck Ave., Harrison, New York, 10528.  Process is through the New York Secretary of State located at One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231.

12.    Apple-Metro, Inc. does business as a franchisee of Applebees and has numerous locations throughout New York.

13.    Defendant, ZANE TANKEL, who is also the Chief Executive Officer, has a principle address of 550 Mamaroneck Avenue, Harrison, New York, 10528.

14.    Defendant, ROY RAEBURN, who is also the owner of the company, has a principle address of 550 Mamaroneck Avenue, Harrison, New York, 10528.

15.    As officers, managers, and or/owners of the Defendant Corporation, Defendants Tankel and Raeburn are employers within the meaning of the FLSA and New York Labor Law.  See *In re Van Diepen, P.A.* 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d

(BNA) 1358 (11th Cir. 2007)(allowing individual liability) and New York Labor Law Article 6-§190(3).

16.     During the times relevant to this Complaint, Defendant has employed more than two employees and generated more than $500,000 in revenues for the years of 2009, 2010, 2011, and 2012.

17.     Defendants qualifies for and is subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint.  Said differently, Defendants are subject to the Fair Labor Standards Act.

18.     At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

19.     Defendants employed the Plaintiffs as employees within the meaning of FLSA § 203.

## COLLECTIVE ACTION ALLEGATIONS

20.     Pursuant to 29 U.S.C. §207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time from three years prior to filing this Complaint until the entry of judgment in this case (the "Collective Action Period"), as Hostesses and Waitresses/Waiters and other comparable positions with different titles, who were non exempt employees within the meaning of the FLSA, who did not receive compensation for all hours worked by them and did not receive any overtime (the "Collective Action Class").

21.     The Collective Action Class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number is dependent, are presently within the sole control of the Defendants, upon information and belief, there are hundreds of potential members of the Collective Action Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

22.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Class and have retained counsel that is experienced and competent in the fields of wage and hour law and class action litigation.  Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

23.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, inasmuch as the damages suffered by individual members of the Collective Action Class may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.  There will be no difficulty in the management of this action as a collective action.

24.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.  Among the questions of law and fact common to Plaintiffs and other members of the Collective Action Class are:

a. Whether the Defendants employed members of the Collective Action Class within the meaning of the FLSA;

b. What proof of hours worked is sufficient where the employer fails in its duty to maintain records;

c. Whether Defendants failed to pay members of the Collective Action Class for all of the hours worked by them as well as overtime compensation for hours worked in excess of 40 hours per workweek in violation of the FLSA and the regulations promulgated there under;

d. Whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

e. Whether the Defendantsareliable for all damages claimed thereunder, including, but not limited to, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees.

25.     Plaintiffs know no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

26.     Plaintiff, Shannese Greenaway and KarelPowery sue on their own behalf and on behalf of a class under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

27.     Plaintiff Shannese Greenaway and KarelPowery brings her New York Labor Law claim on all persons who were employed by the Defendants at any time since six years prior to filing this Complaint, in the State of New York, until the entry of judgment in

this case (the "Class Period"), who have not been paid all hours worked by them as well as overtime violation of the New York Labor Law (the "Class").

28.     Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants.

29.     The claims of Plaintiffs, Shannese Greenaway and KarelPoweryare typical of the claims of the Class and a class action is superior to other available methods for fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resource to vigorously prosecute a lawsuit in federal court against a defendant.

30.     Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

31.     Plaintiffs, Shannese Greenaway and KarelPowery are committed to pursuing this action and have retained competent counsel experience in wage and hour law and class action litigation.

32.     Plaintiffs, Shannese Greenaway and KarelPoweryhave the same interests in this matter as all other members of this Class and Plaintiffs' claims are typical of the Class.

33.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

> a.   Whether the Defendants employed the members of the Class within the meaning of the New York Labor Law;

b.   What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

c.   Whether Defendants failed and/or refused to pay the members of the class for all of the hours worked by them, as well as premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

d.   Whether Defendantsare liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

e.   Whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF FACTS

34.   The FLSA provides that, with certain exceptions, employers must pay employees minimum wages for all compensable hours worked and overtime of at least one and one-half times their regular rate of pay for any hours over forty worked in a week. 29 U.S.C. §§ 206, 207(a)(1).  The Act exempts certain employees from the minimum wage and overtime requirements.  However, an "employer who claims an exemption from the FLSA has the burden of showing that the exemption applies" s*ee Donovan v. Nekton*, Inc., 703 F.2d 1148, 1151 (9th Cir. 1983).

35.   Pursuant to the FLSA, the test for the executive exemption (which is nearly identical to the administrative exemption) requires that an employee's main, principal and "primary duty" consists of the "management of the enterprise" in which he or she is employed.  In addition, the executive employee's work must include "the customary and

regular direction" of work of two or more employees, including the hiring and firing processes and "customarily and regularly exercises discretionary powers."  The regulations define an exempt administrative employee as one whose "*primary duty*" consists of "office or non-manual work."  A high degree of discretion and independence is also required by the employee for a successful classification under the executive and administrative exemptions.

36.     Although the FLSA provides for certain exemptions to the mandates of paying minimum wages and overtime compensation, no exemption applies in the instant matter.

37.     Defendantsdo business throughout New York as a franchisee of Applebee's, operating approximately 33 Applebee's within the five boroughs, Westchester and Rockland Counties.

38.     Plaintiff, Shannese Greenawaywas employed by Defendants from approximately 2009 until May 2011 as a hostess.  Plaintiff was stationed in Long Island, NY.

39.     Plaintiff,KarelPowery, was employed by Defendants from approximately 2010 until December 2011 as a Server.

40.     Plaintiffs worked extensive hours without a break for years. According to Labor Law Section 162, employees must be granted a 30 minute lunch break if they work for six (6) consecutive hours, including the time period between 11am and 2pm. Further, if an employee begins work prior to 11am and continues until 7pm, he/she is entitled for another 20 minute break between 5pm and 7pm.

41.     Plaintiffs and other employees had concerns about management changing their time on the time cards before pay. Plaintiffs would get clocked out by the system and

therefore not receive accurate compensation for the time worked. Plaintiffs were cheated out of minimum wage and overtime.

42.    Plaintiffs were not compensated for any additional or side work. Plaintiffs would work anywhere between an hour and two hours preparing for the day. This was not accounted for in Plaintiffs' hours and therefore did not receive compensation for time spent preparing for the work day.

43.    Plaintiff, Shannese Greenaway, principle duties included but were not limited to: opening doors for guests, answering the phone, seating guests, bussing tables, occasional food runs, and cleaning the bathroom.

44.    Plaintiff, KarelPowery, principle duties included but not limited to: serve customers, take orders, wash dishes, host, prepare food, roll silverware, and stock the fridge.

45.    Plaintiffs' duties did not include the hiring and firing of employees and had no input into hiring or firing decisions.

46.    Plaintiffs' work was performed for the benefit of the Defendants, in the normal course of the Defendants' business, and was integrated into the business of the Defendants.

47.    The work performed by Plaintiffs required little skill and no capital investment. Their duties did not principally include managerial responsibilities or the exercise of independent judgment.

48.    Plaintiffs were required to prepare the restaurant for the day without compensation. Defendants willfully failed to pay plaintiffs for all hours worked, as well

as overtime compensation of one and one-half times their regular pay in violation of the FLSA and the New York Labor Law.

49.     Upon information belief, throughout the Collective Action Period and Class Period continuing until today, Defendants have likewise employed other individuals, like the Plaintiffs (members of the Collective Action Class and the Class) in similar positions that require little skill and no capital investment and their duties and responsibilities do not principally include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

50.     Such individuals may have worked in excess of 40 hours a week, yet Defendants have likewise willfully failed to pay them for all hours worked as well as overtime compensation of one and one-half times their regular rate of pay in violation of the FLSA and, in the case of New York employees, the New York Labor Law. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of Defendants, and can be ascertained through appropriate discovery.

51.     Upon information and belief, throughout all relevant time periods, while Defendants employed Plaintiffs, the Collective Action Members, and Class Members, Defendants failed to maintain accurate and sufficient time records.

<u>**FIRST CLAIM FOR RELIEF:**</u>
<u>**FAIR LABOR STANDARDS ACT**</u>

52.     Plaintiffs, on behalf of themselves and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 25 and 34 through 51 as if they were set forth again herein.

53.     At all relevant times, Defendants employed Plaintiffs, and employed or continue to employ, each of the members of the Collective Action Class within the meaning of the FLSA.

54.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

55.     Each Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

56.     At all relevant times, Defendants had/have a policy and practice of refusing to pay for all hours worked, as well as pay overtime compensation for hours worked in excess of forty hours per workweek.

57.     As a result of Defendants' willful failure to compensate its employees, including Plaintiffs and members of the Collective Action Class, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek , as well as for all hours worked by them, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. § § 201 *et seq*., including 29 U.S.C. § § 207(a)(1) and 215(a).

58.     As a result of Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiffs and the members of the Collective Action Class, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C §§201*et seq*., including 29 U.S.C. § § 211(c) and 215(a).

59.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

60.     Due to the Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the members of the Collective Action Class, are entitled to recover from Defendants their unpaid wages for all of the hours worked by them, overtime compensation, an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA and for their unreasonably delayed payment of wages, reasonable attorneys' fees and costs, and disbursements of this action, pursuant U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF:**
**NEW YORK LABOR LAW**

61.     Plaintiffs reallege and incorporate by referencing paragraphs 1 through 19 and 26-51 as if they were set forth again herein.

62.     At all relevant times, Plaintiffs and the members of the Class were employed by Defendants within the meaning of the New York Labor Law § § 2 and 651.

63.     Defendants willfully violated Plaintiffs' rights and the rights of the Class, by failing to pay them for all hours worked, as well as for overtime compensation at rates no less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Labor Law and its regulations.

64.     Defendants' New York Labor Law violations have caused Plaintiffs and the Class irreparable harm for which there is no adequate remedy at law.

65.     Due to Defendants' New York Labor Law violations, Plaintiffs and the Class are entitled to recover from Defendants their unpaid wages for all hours worked, reasonable attorneys fees and costs, and disbursements of the action, pursuant to New York Labor

Law  § 663 (1).  For the purposes of this Count, Plaintiffs waive all claims for liquidated damages pursuant to New York Labor Law.

## PRAYER FOR RELIEF

66.     WHEREFORE, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members  and all other similarly situated members of the New York Labor Law Class, respectfully request that this Court grant the following relief with regards to the First and Second Claims of Relief:

    a.  Designation of this action as a collective action on behalf of the members of the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of the claims asserted in this action under Section 216(b) of the FLSA, permitting them to assert timely Section 216(b) FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the members of the Collective Action Class and tolling of the statute of limitations;

    b.  Certification of the New York Labor Law claim as a class claim pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiffs and their counsel to represent the Class;

    c.  A declaratory judgment that the practices complained of herein in the First and Second Claims for Relief are unlawful under the FLSA and the New York Labor Law, respectively;

d.  An injunction pursuant to the New York Labor Law against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein in the Second Claim for Relief;

e.  An award of unpaid wages for all hours worked as well as overtime compensation due under the FLSA and the New York Labor Law; and

f.  An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216 only

g.  That the Court award Plaintiffs a collective action representative incentive fee for their efforts and time dedicated to bringing justice through this action and the extra efforts they put in for leading this litigation;

h.  An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA. AND

i.  That the Court award any other legal and equitable relief as this Court may deem appropriate.

<u>**DEMAND FOR JURY TRIAL**</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated this 10ᵗʰ day of May, 2013 and respectfully submitted by:

_____   _____

Dale James Morgado, Esquire
FELDMAN MORGADO PA
100 North Biscayne Boulevard,
29ᵗʰ Floor, Suite 2902
Miami, Florida 33132
305-222-7850 Telephone
305-384-4676 Facsimile
E:dmorgado@ffmlawgroup.com

Attorneys for the Plaintiffs