UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHANNESE GREENAWAY and KAREL POWERY individually and on behalf of all others similarly situated,

    Plaintiffs,

-against-

APPLE-METRO, INC., d/b/a APPLEBEES; ZANE TANKEL and ROY RAEBURN,

    Defendants.

Index No. 13 CV 2818(JS)(ARL)

---

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS OR TO CONSOLIDATE**

---

LITTLER MENDELSON, PC
A Professional Corporation
Attorneys Defendants
900 Third Avenue
New York, NY 10022

# TABLE OF CONTENTS

PAGE

INTRODUCTION ............................................................................................................. 1

BACKGROUND FACTS .................................................................................................. 2

    A.     The Existing Marin Action ............................................................................ 2

    B.     The Greenaway Action .................................................................................. 3

ARGUMENT ..................................................................................................................... 5

    A.     This Court Should Dismiss The Complaint Under The First-Filed Rule
           And In The Interests Of Federal Comity ...................................................... 5

           i.     The Parties Are Substantially Similar ............................................... 6

           ii.    The Issues Are Substantially Similar ............................................... 8

    B.     None Of The Exceptions To The First-Filed Rule Exist ............................... 8

           i.     There Are No Special Circumstances ............................................... 8

           ii.    The Balance Of Convenience Does Not Favor This Suit ................. 9

    C.     Alternatively, This Court Should Stay Plaintiffs' Lawsuit Pending
           Resolution Of The Marin Action Or Consolidate This Action With The
           Marin Action .................................................................................................. 9

CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

CASES

*Biotronik, Inc. v. Guidant Sales Grp.*,
  2009 U.S. Dist. LEXIS 52635 (D. Or. June 22, 2009) ...................................................... 7

*Byerson v. Equifax Info. Servs., LLC*,
  467 F. Supp. 2d 627 (E.D. Va. 2006) ............................................................................... 9

*Castillo v. Taco Bell of Am., LLC*,
  2013 U.S. Dist. LEXIS 37165 (E.D.N.Y. Mar. 18, 2013) ............................................. 5, 6

*Comedy Partners v. Street Players Holding Corp.*,
  34 F. Supp. 2d 194 (S.D.N.Y. 1999) ................................................................................ 5

*Curtis v. Citibank. N.A.*,
  226 F.3d 133 (2d Cir. 2000) .............................................................................................. 5

*DiGennaro v. Whitehair*,
  467 Fed.Appx. 42 (2d Cir. 2012) ...................................................................................... 9

*Emp'rs Ins. of Wausau v. Fox Entm't Group, Inc.*,
  522 F.3d 271 (2d Cir. 2008) .......................................................................................... 8, 9

*Endress v. Gentiva Health Services, Inc.*,
  278 F.R.D. 78 (E.D.N.Y. 2011) ...................................................................................... 10

*First City Nat. Bank and Trust Co. v. Simmons*,
  878 F.2d 76 (2d Cir. 1989) ................................................................................................ 5

*Fuller v. Abercrombie & Fitch Stores, Inc.*,
  370 F. Supp. 2d 686, 690 (E.D. Tenn. 2005) .................................................................... 8

*Goldsby v. Ash*,
  2010 U.S. Dist. LEXIS 40213 (M.D. Ala. Apr. 22, 2010) ................................................ 8

*Intema Ltd. v. NTD Labs., Inc.*,
  654 F. Supp. 2d 133 (E.D.N.Y. 2009) .............................................................................. 6

*Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*,
  544 F. Supp. 2d 949 (N.D. Cal. 2008) .............................................................................. 8

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990) .......................................................................................... 10

# TABLE OF AUTHORITIES
## (CONTINUED)

PAGE(S)

**CASES**

*MasterCard Int'l Inc. v. Lexcel Solutions, Inc.*,
    2004 U.S. Dist. LEXIS 10906 (S.D.N.Y. June 16, 2004) .................................................... 6

*McArdle v. Arms Acres, Inc.*,
    2009 U.S. Dist. LEXIS 30423 (S.D.N.Y. Mar. 31, 2009) ................................................. 10

*Moore v. Morgan Stanley & Co.*,
    2007 U.S. Dist. LEXIS 90567 (N.D. Ill. Dec. 6, 2007) ..................................................... 9

*Oleg Cassini, Inc. v. Serta, Inc.*,
    2012 U.S. Dist. LEXIS 33875 (S.D.N.Y. Mar. 13, 2012) ................................................. 6

*Ortiz v. Panera Bread Co.*,
    2011 U.S. Dist. LEXIS 85463 (E.D.Va. 2011) ................................................................. 6

*Taylor v. Rodriguez*,
    238 F.3d 188 (2d Cir. 2001) ............................................................................................. 5

*Wyler-Wittenberg v. MetLife Home Loans, Inc.*,
    899 F. Supp. 2d 235 (E.D.N.Y. 2012) ..................................................................... 5, 6, 7

**STATUTES**

Fair Labor Standards Act ("FLSA") ............................................................................... passim

Fed. R. Civ. P. 42(a) ............................................................................................................. 10

Defendants Apple-Metro, Inc., Zane Tankel and Roy Raeburn (hereinafter collectively "Defendants"), submit this memorandum of law in support of their motion to dismiss, or in the alternative, to stay this action filed by Shannese Greenaway and Karel Powery (hereinafter collectively "Plaintiffs"), or to consolidate this action with a fundamentally duplicative action currently pending before this Court.

## INTRODUCTION

On May 10, 2013, Plaintiffs filed this action styled as putative collective-class action under the Fair Labor Standards Act ("FLSA"), and the New York Labor Law against Apple-Metro, Inc., Zane Tankel and Roy Raeburn, arising from their alleged operation of Applebee's Neighborhood Grill & Bar franchises in the New York City, Rockland and Westchester Counties (hereinafter referred to as the "Greenaway Action"). Plaintiffs filed this action on behalf of all persons who are or were employed by Defendants during the statutory period who did not receive compensation for all hours worked and proper overtime wages. *See Greenaway Complaint*, Docket Entry #1, ¶¶ 20, 27.

The claims alleged in the Complaint are fundamentally duplicative of the claims asserted in a much earlier-filed action, *Marin, et al. v. Apple-Metro, Inc., et al.*, Civil Action No. 12–CV–05274 (ENV)(CLP), which has been actively litigated in the United States District Court for the Eastern District of New York for almost nine months (hereinafter referred to as the "Marin Action").[1] Moreover, the Complaint in this action seeks to initiate a collective and class action on behalf of the same members involved in the Marin Action. Consequently, actively litigating

---

[1] The collective and class action claims alleged in the Complaint are similarly duplicative of the collective and class action claims asserted in an additional earlier-filed action, *Lebron, et al. v. Apple-Metro, Inc., et al.*, No. 13-CV-01411 (PKC) (hereinafter referred to as the "Lebron Action"). In May 2013, after Defendants requested permission to file a motion to dismiss on the same basis as the instant motion, the Lebron Action plaintiffs voluntarily dismissed their action, consolidating it with the Marin Action. *See* Lebron Action, Docket Entry # 16; Marin Action, Docket Entry # 23.

these two virtually identical cases simultaneously in different forums will result in a significant waste of this Court's resources and cause significant prejudice to Defendants. Moreover, allowing both cases to proceed simultaneously could result in inconsistent rulings on the collective and class action claims.

Accordingly, this Court should dismiss the later-filed Greenaway Action pursuant to the well-established "first-filed" rule. Alternatively, the Court should either stay this case or consolidate it with the earlier-filed Marin Action.[2]

## BACKGROUND FACTS

### A. The Existing Marin Action.

On October 22, 2012, Carlos Marin, a former hourly employee who worked at the Applebee's Neighborhood Grill & Bar ("Applebee's") located in Jamaica, Queens, filed a putative collective-class action against, among others, Apple-Metro, Inc., Zane Tankel and Roy Raeburn.[3] In the Second Amended Complaint, the Marin Plaintiffs assert claims for unpaid wages under the FLSA and seek to represent all:

> "Current and former employees of [Applebee's] who perform or performed work in any of Defendants' locations as non-managerial employees during the statutory period ..."

See Declaration of Craig R. Benson, dated July 12, 2013 ("Benson Dec."), Exhibit A (*Marin Second Amended Complaint*), ¶ 61.

The Marin Plaintiffs also assert claims for unpaid wages under the New York Labor Law, and seek to represent all:

---

[2] We note that prior to filing this motion, we contacted Plaintiffs' counsel in this case to advise them of the Marin Action and request that they confer with counsel for the Marin Action on the first-filed issue. Plaintiffs' counsel denied our request.

[3] On March 12, 2013, the original complaint in the Marin Action was amended to add additional factual allegations. On June 28, 2013, following the consolidation of the Lebron and Marin Actions, the complaint in the Marin Action was amended for a second time. *See* Marin Action, Docket Entry # 23.

> Current and former employees of Defendants who perform or performed work as non-managerial employees during the statutory period ... who (1) were not compensated for each hour worked at their straight, regular hourly rate; (2) worked in excess of forty (40) hours per week and were not paid overtime compensation; (3) worked in excess of ten (10) hours per day and were not paid spread of hours compensation; and/or (4) were issued inaccurate pay stubs/wage statements....

*See* Benson Dec., Exhibit A, ¶ 68.

The Marin Action is currently progressing through discovery. Over the last nine months, the parties have filed their pleadings, exchanged initial disclosures, attended the initial conference, and served discovery requests on one another.

### B.     The Greenaway Action.

On May 10, 2013, Plaintiff brought the instant action also against Apple-Metro, Inc., Zane Tankel and Roy Raeburn. *See Greenaway Complaint*, Docket Entry #1, ¶¶ 11, 13, 14.

Plaintiffs here are also former hourly employees, who worked at an Applebee's location in Astoria, Queens. *See Greenaway Complaint,* Docket Entry #1, ¶¶ 8, 10. Plaintiffs assert similar claims for unpaid wages under federal and state law and propose to represent the identical group Marin seeks to represent in the Marin Action. Indeed, in the Greenaway Action, Plaintiffs seek to represent in the proposed collective action:

> "all persons who were employed by the Defendants at any time [during the statutory period] as Hostesses and Waitresses/Waiters and other comparable positions with different titles, who were non exempt employees within the meaning of the FLSA, who did not receive compensation for all hours worked by them and did not receive overtime..."

*Greenaway Complaint*, Docket Entry #1, ¶ 20.

Like in the Marin Action, Plaintiffs assert claims for unpaid wages as part of their proposed class action and seek to represent the same class members Marin seeks to represent. In the Greenaway Action, Plaintiffs seek to represent in the proposed class action:

> "all persons who were employed by the Defendants at any time [during the statutory period] in the State of New York ... who have not been paid all hours worked by them as well as overtime violation..."

*Greenaway Complaint*, Docket *Entry* #1, ¶ 27.

Clearly, Plaintiffs in the Greenaway Action, as the plaintiffs in the Marin Action, are alleging that Defendants violated the FLSA and the New York State Labor Law by failing to pay minimum wage for all hours worked and overtime compensation. *Compare Greenaway Complaint*, Docket Entry #1, ¶¶ 1-2 with Benson Dec., Exhibit A, ¶¶ 61, 68.

Notably, both actions also seek similar relief, including certification of the action as a collective action pursuant to the FLSA and as a class action pursuant to Rule 23 of the Fed. R. Civ. P., an injunction requiring Defendants to cease the alleged unlawful actions, monetary damages for wages and overtime, and attorneys' fees and costs. *Compare Greenaway Complaint*, Docket Entry #1, *Prayer for Relief* with Benson Dec., Exhibit A, *Prayer for Relief*. Respectfully, there is no legitimate reason to force Defendants to litigate two separate cases, involving substantially the same parties and subject matter, simultaneously. Rather, as discussed below, because the Marin Action is materially identical to this case, and was filed first, this Court should dismiss this lawsuit under the first-filed rule without prejudice, or in the alternative, stay this action pending resolution of the Marin Action or consolidate this case with the Marin Action.[4]

---

[4] By bringing the instant motion, Defendants reserve any defenses that they may have against the class and collective claims. Further, Defendants maintain that class certification is not appropriate for Plaintiffs' allegations. The factual assertions and legal arguments contained herein are not intended to waive any such defenses, nor intended to imply that a certified class would be proper.

# ARGUMENT

## A. This Court Should Dismiss The Complaint Under The First-Filed Rule And In The Interests Of Federal Comity.

In light of the nearly identical nature of the claims, the parties involved, and the persons who are alleged to be "similarly situated" in both the Greenaway Action and the Marin Action, dismissal of the later-filed Greenaway Action is warranted under the first-filed rule. The "first-filed" rule is a well-settled legal doctrine, instructing that "where there are two [or more] competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, No. 899 F. Supp. 2d 235, 243 (E.D.N.Y. 2012) (J. Spatt) (quoting *First City Nat. Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (quotations and citations omitted)); *Castillo v. Taco Bell of Am., LLC*, 12-CV--3786, 2013 U.S. Dist. LEXIS 37165, at *6 (E.D.N.Y. Mar. 18, 2013) (J. Wexler) (same); *see also Taylor v. Rodriguez*, 238 F.3d 188, 197 (2d Cir. 2001) ("In administering its docket, a district court may dismiss a second suit as duplicative of an earlier suit . . . .") (citations and quotations omitted); *Curtis v. Citibank. N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (finding that dismissal is appropriate not only to promote docket efficiency and interests of comity, but also to avoid burdening a party with litigating the same matter in separate lawsuits.)

"Under the first-filed rule, when two district courts concurrently have before them actions involving the same parties and issues, there is 'a strong presumption in favor of the forum of the first-filed suit.'" *Comedy Partners v. Street Players Holding Corp.*, 34 F. Supp. 2d 194, 196 (S.D.N.Y. 1999) (citations omitted); *see also Wyler-Wittenberg*, 899 F. Supp. 2d at 247 ("With regard to choice of forum, the Court reiterates that the 'first-filed' rule embodies the notion that the plaintiff who is first to commence litigation should have his or her choice of venue.")

The first-filed rule should be applied to avoid duplicative efforts, and to avoid inconsistent judgments. *See Wyler-Wittenberg*, 899 F. Supp. 2d at 247 (applying the first-filed rule to FLSA action found to be duplicative of earlier FLSA actions filed in a different district). In this case, judicial economy would be served by application of the first-filed rule. It would prevent two separate judges from having to hear and resolve the same issues, and unnecessarily duplicate their efforts. Further, Defendants would not be needlessly burdened by the duplicative costs of simultaneous litigation, by not having to attend numerous depositions twice, not having to produce thousands of documents twice, and not having to brief the pertinent issues twice. *See id.*; *Castillo*, 2013 U.S. Dist. LEXIS at * 8-9 (finding that "[d]ismissal is also appropriate because it would be patently unfair to require Defendants to litigate the class issues here at the same time as those matters are being litigated in the first-filed action.") (citing *Ortiz v. Panera Bread Co.*, 2011 U.S. Dist. LEXIS 85463 (E.D.Va. 2011) (noting that dismissing the second matter is "particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations")).

i.  **The Parties Are Substantially Similar.**

Cases need not be mirror images of each other for the first-filed rule to apply. *See Oleg Cassini, Inc. v. Serta, Inc.*, 11-CV-8751, 2012 U.S. Dist. LEXIS 33875, at *8 (S.D.N.Y. Mar. 13, 2012) (for first-filed rule to apply "issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests."). Substantial similarity between the actions is sufficient. *See id.; see also Intema Ltd. v. NTD Labs., Inc.*, 654 F. Supp. 2d 133, 141 (E.D.N.Y. 2009) (J. Spatt) (noting that the "first-filed" rule can be invoked where significant overlapping factual issues exist between the two pending cases); *MasterCard Int'l Inc. v. Lexcel Solutions, Inc.*, 2004 U.S. Dist. LEXIS 10906, at *23-24 (S.D.N.Y. June 16, 2004)

(observing the presumption in favor of the forum in which the first action is filed where the record presents "sufficient overlapping factual and legal issues" between two cases).

If some of the parties in one matter are also parties in the other matter, regardless of whether there are additional unmatched parties in one or both matters, the parties are deemed similar for purposes of the comity doctrine. *See Wyler-Wittenberg*, 899 F. Supp. 2d at 244 ("Importantly, application of the rule does not require *identical* parties in the cases, but merely requires substantial overlap.'")) (emphasis in original). It is irrelevant that the individually named representative plaintiffs differ. *See Id.* ("the Court recognizes vast similarities among the individual plaintiffs in each of the putative collective and class actions against MetLife."). Rather, the first-filed rule applies in a class or representative action; the potential classes, not the named class representatives, are compared. *See Id.* at 244-245 ("considering the similar positions held by the plaintiffs in each of these matters and the opt-in nature of a collective class, the Court concludes that plaintiffs in this action are similar enough to those in [the earlier filed actions] to warrant application of the 'first-filed' rule.").

Here, while the individually named plaintiffs differ between the two actions, all of them seek to represent current and former non-exempt Apple-Metro, Inc. employees who allegedly were not paid minimum wage for all hours worked or proper overtime. Moreover, in both lawsuits, Plaintiffs bring suit against the same defendants --- Apple-Metro, Inc., Zane Tankel and Roy Raeburn. Although the plaintiffs in the Marin Action also name other defendants as parties, the presence of these additional defendants does not make application of the first-filed rule inappropriate, particularly since the Greenaway Action does not name any defendants not already named in the Marin Action. *Biotronik, Inc. v. Guidant Sales Grp.*, 2009 U.S. Dist. LEXIS 52635, *5-6 (D. Or. June 22, 2009) (holding "[t]he parties [...] need not be exactly

identical; there may be additional parties"); *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 959 n.6 (N.D. Cal. 2008); *Goldsby v. Ash*, 2010 U.S. Dist. LEXIS 40213 (M.D. Ala. Apr. 22, 2010) (applying first-filed rule even though second suit named additional defendants not named in first filed action). Accordingly, the plaintiffs and defendants in both lawsuits are substantially similar for purposes of the first-filed rule.

### ii. The Issues Are Substantially Similar.

In both the present litigation and the Marin Action, the plaintiffs are alleging that Defendants violated the FLSA and the New York State Labor Law by failing to pay minimum wage for all hours worked and overtime compensation. *Compare Greenaway Complaint*, Docket Entry #1, ¶¶ 1-2 with Benson Dec., Exhibit A, ¶¶ 26, 33. Accordingly, the legal issues in both lawsuits substantially overlap because resolution of the FLSA and New York State law claims in the Marin Action would "leave little to be decided" with respect to the same claims in the present lawsuit. *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 690 (E.D. Tenn. 2005).

### B. None Of The Exceptions To The First-Filed Rule Exist.

Because, under the first-filed rule, there is a strong presumption favoring the forum chosen first, the Second Circuit has recognized only two exceptions to the first-filed rule: (1) where "special circumstances," such as an improper anticipatory filing or inappropriate forum shopping exist; and (2) where "the balance of convenience favors the second-filed action." *Emp'rs Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 275-276 (2d Cir. 2008). Neither exception applies here.

### i. There Are No Special Circumstances.

Special circumstances include manipulative or deceptive behavior on the part of the first-filing plaintiff. *Emp'rs Ins. of Wausau*, 522 F.3d at 276. That exception is clearly inapplicable

here. Of significance, the Marin Action began almost nine months ago, while the substantially similar Greenaway Action was just recently filed. The seven month period between the two actions undisputedly eliminates any inference that these matters involved a race to the court.

### ii. The Balance Of Convenience Does Not Favor This Suit.

The second exception to the first-filed rule is where the "balance of convenience substantially favors the second-filed action." *See Emp'rs Ins. of Wausau*, 522 F.3d at 276. Specifically, the Court must decide whether allowing a second, virtually identical, action to proceed is more convenient than dismissing the case so that it can be resolved by the Court in the Marin Action. Most assuredly, it would not be.

### C. Alternatively, This Court Should Stay Plaintiffs' Lawsuit Pending Resolution Of The Marin Action Or Consolidate This Action With The Marin Action.

If the Court declines to dismiss the case, Defendants request that the Court temporarily stay further proceedings in this action pending the outcome of the Marin Action. *See DiGennaro v. Whitehair*, 467 Fed.Appx. 42, 43 (2d Cir. 2012) (finding that it is fundamental that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.") (citation omitted). It does not serve any purpose to maintain two identical claims by two identical plaintiff classes in separate courts. S*ee Emp'rs Ins. of Wausau*, 522 F.3d at 275 (the first filed rule "'embodies considerations of judicial administration and conservation of resources by avoiding duplicative litigation . . .") (citation omitted); s*ee also Moore v. Morgan Stanley & Co.*, 2007 U.S. Dist. LEXIS 90567, at *8 (N.D. Ill. Dec. 6, 2007) (staying later-filed class action "in order to avoid expensive and duplicative litigation of virtually the same claims in two federal courts"); *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 636 (E.D. Va. 2006) (noting that the settlement of class actions is complicated and may be frustrated if two courts are attempting to decide overlapping issues).

Moreover, Defendants will suffer financial and legal prejudice if required to simultaneously defend these two identical collective and class actions with two separate judges. Accordingly, if the Court determines dismissal is not appropriate, Plaintiffs' lawsuit should be stayed, pending the resolution of the earlier-filed Marin Action.

Should the Court determine not to dismiss or stay Plaintiffs' claims in this lawsuit, Defendants request that the Court consolidate this case with the Marin Action. Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve common questions of law or fact, the court may ... consolidate the actions." Fed. R. Civ. P. 42(a). Where cases are pending before a single district court, "[t]he trial court has broad discretion to determine whether consolidation is appropriate." *McArdle v. Arms Acres, Inc.*, 2009 U.S. Dist. LEXIS 30423, *2 (S.D.N.Y. Mar. 31, 2009), citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-1285 (2d Cir. 1990). "The Rule [FRCP 42] should be prudently employed as a valuable and important tool of judicial administration[] invoked to expedite and eliminate unnecessary repetition and confusion." *Endress v. Gentiva Health Services, Inc.*, 278 F.R.D. 78, 81 (E.D.N.Y. 2011) (J. Spatt). The Second Circuit has articulated the following guidelines for the district courts to consider before consolidating separate actions:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Johnson*, 899 F.2d at 1285.

Consolidation will achieve all of the efficiencies contemplated by Rule 42. As stated above, the facts in the two actions are identical. In both suits, the plaintiffs are alleging that Defendants violated the FLSA and the New York State Labor Law by failing to pay minimum

wage for all hours worked and overtime compensation. Moreover, discovery in these matters will be identical, and requiring duplicative filings and possibly two trials on mirror issues would drain not only the parties' resources and time, but the Court's resources and time as well. Further, both matters are already pending in the same court, and consolidation would be simple, eliminate the risk of inconsistent rulings, and foster judicial economy and preserve resources without subjecting the Greenaway Plaintiffs to any potential prejudice.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court apply the first-filed rule and dismiss Plaintiffs' Complaint without prejudice, or in the alternative stay this litigation or consolidate it with the Marin Action.

Date: July 12, 2013
New York, New York

                                                     /s/ *Craig R. Benson*
                                          Craig R. Benson
                                          cbenson@littler.com
                                          George B. Pauta
                                          gpauta@littler.com
                                          Robert A. Cirino
                                          rcirino@littler.com
                                          LITTLER MENDELSON, P.C.
                                          900 Third Avenue
                                          New York, NY 10022.3298
                                          212.583.9600

                                          Attorneys for Defendants