**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION**

SHANNESE GREENAWAY and
KAREL POWERY, individually
and on behalf of all others similarly
situated,

    Plaintiffs,
v.                                      CASE NO.: 2:13-cv-02818-JS-ARL

APPLE-METRO, INC.; ZANE
TANKEL and ROY RAEBURN

    Defendants

---

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

---

Respectfully filed this 26th day of July, 2013

*Dale J. Morgado, Esq.*
Dale James Morgado, Esq.
Feldman Morgado, P.A.
100 North Biscayne Boulevard
29th Floor, Suite 2902
Miami, Florida 33132
T: 305-222-7850
F: 305-384-4676
E: dmorgado@ffmlawgroup.com

**TABLE OF CONTENTS**

                               **PAGE**

I.    INTRODUCTION…………………………………………………………    1

II.    FACTS………………………………………………………………….    2

III.    FIRST –TO-FILE- RULE DOES NOT APPLY TO FLSA CASES………    2

IV.    THE COURT DOES NOT HAVE TO ADHERE TO THE
     FIRST-TO-FILE RULE IN INSTANCES OF DELAY…………..………    4

V.    ALTERNATIVELY, PLAINTIFF'S INDIVIDUAL COMPLAINT
     CANNOT BE DISMISSED…………………………………………….    5

VI.    CONCLUSION …...…………………………………………………    6

# TABLE OF AUTHORITIES

**CASES**                                                                                      **PAGE**

*Arnold v. DirecTV, Inc.*,
   2011 U.S. Dist. LEXIS 22843 (E.D. Mo. Mar. 7, 2011)……………………………...4

*Curtis v. Citibank, N.A.*,
   226 F.3d 133, 138 (2d Cir. 2000)…………………………………………………. 3

*Fabrics v. Studio Imps. Ltd.*,
   2012 US Dist. LEXIS 79424 (S.D.N.Y. June 6, 2012) ……….. ………………………5

*Laroque v. Domino's Pizza, LLC*, 557
   F. Supp. 2d 346, 352 (E.D.N.Y. 2008)……………………………………………. 3

*Marin v. Apple-Metro, Inc. et al*,
   Civil Action No. 12-cv-05274(ENV)(CLP)…………………………………….. 1, 2

*Oleg Cassini, Inc. v. Serta, Inc*,
   11-cv-8751 U.S. Dist. LEXIS 33875, at 8 (S.D.N.Y. Mar. 13, 2012)…………………..3

*Pippins v. KPMG LLP*,
   2011 U.S. Dist. LEXIS 30678 (S.D.N.Y. Mar. 21, 2011) ……………………………..4

*Wyler-Wittenberg v. Metlife Home Loans, Inc.*,
   899 F.Supp. 2d 235, 243 (E.D.N.Y. 2012)……………………………………………3

**STATUTES**

Fair Labor Standards Act ("FLSA")…………………………………………………. passim

29 U.S.C. Sec. 216(b)……………………………………………………………………..5

Plaintiffs, Shannese Greenaway and Karel Powery, through their undersigned attorney, hereby submit this Response in Opposition to Defendants' Motion to Dismiss and in support there of and states as follows:

**I.    Intro**

While no case is on an island, it stands to be stated that no two cases are alike. Defendants would have the Court believe that the present case is nearly identical to the *Marin* case (*Marin v. Apple-Metro, Inc. et al*, Civil Action No. 12-cv-05274(ENV)(CLP)).  However, that contention ignores the intentions of the FLSA, the rights of the Plaintiffs (present and potential), and the lack of conditional certification made in the present case's purported doppelganger.

Dismissal of the Plaintiff's action is not an appropriate remedy to this case as it is essentially a different and separate case to the *Marin* complaint until the time of class certification.  Even if the Court chooses to accept the first-to-file rule, dismissal is inappropriate as the Plaintiffs have alleged their complaints to an appropriate level of specificity that went unchallenged by Defendants.

**II.    Facts**

Plaintiffs filed their Complaint on May 10, 2013[1].  Plaintiffs filed their Motion to Conditionally Certify the Collective Class on July 26, 2013.  *Marin v. Apple-Metro, Inc. et al* was filed October 22, 2012[2].  As of the date of this filing, no Motion to Conditionally Certify the *Marin* action has been filed.  In fact, in the 9 months since the action was

---

[1] Docket Entry #1
[2] Marin v. Apple-Metro,Inc. et al Docket Entry #1

filed, the only motions filed in Marin are a Motion to Withdraw as Attorney[3] and a Motion to Amend the Complaint[4].

Despite the presence of 9 Plaintiffs, and what could be assumed as 9 affidavits alleging their similarly situated status, class certification has not been attempted. In a district with a lenient standard on determining the similarly situated status of potential plaintiffs for conditional class certification, the lack of filing may indicate a lack of intention to certify a class. The truth is that there is nothing to yet indicate the course of the *Marin* action either for certification or no.

### III. First-to-File Rule does not apply to FLSA cases

The "first-to-file" rule is not appropriate for FLSA cases without at least conditional collective action certification. Essentially, the first-to-file rule allows for the dismissal of a later filed action that is nearly identical to the first filed action. As pointed out by Defendants, the first to file rule is warranted when there are "two competing lawsuits" unless there is a showing of "special circumstances giving priority to the second." *Wyler-Wittenberg v. Metlife Home Loans, Inc.*, 899 F.Supp. 2d 235, 243 (E.D.N.Y. 2012). The reason given for application of the first-to-file rule is to promote docket efficiency, comity, and to avoid burdening a party with litigating the same matter separately. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000).

The present case and the *Marin* case, at this point in their litigation, are two very different cases even though they involve violation of the same laws and similar Defendants. Though the cases do not have to be mirror images, they do need to represent the same interests to be subject to the first-to-file rule. *Oleg Cassini, Inc. v.*

---

[3] Marin v. Apple-Metro,Inc. et al Docket Entry #13
[4] Marin v. Apple-Metro,Inc. et al Docket Entry #19

2

*Serta, Inc*, 11-cv-8751 U.S. Dist. LEXIS 33875, at 8 (S.D.N.Y. Mar. 13, 2012). Fundamentally, the cases cannot represent the same interests until the matter is at least conditionally certified.

Certification of a collective action is a two-step process. *Laroque v. Domino's Pizza, LLC,* 557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008). First, a case must be conditionally certified. *Id.* Assuming that is granted and following discovery and the appropriate motions, the Court will rule on the final certification of the Class. *Id.* If the Court rules that the Class is not similarly situated, then the Plaintiffs who have opted in to the suit will be allowed to pursue their own separate matters. *Id.* Therefore, with no certification, all of the Plaintiffs simply have their own separate and individual allegations under the FLSA.

Until the time of at least conditional certification, a lawsuit only represents those who have opted in to it. The Greenaway case presently represents two former employees of the Defendants, but is actively seeking to certify a class of those similarly situated. If the Court grants their Motion for Conditional Certification (DE 12), they could potentially represent many more. The Marin case represents 9 former employees of Defendants. Consequently, that case only represents those 9 Plaintiffs. Until certification is granted (though it has yet to be filed), that case will continue to represent only those Plaintiffs. So far, the Greenaway case represents 2 employees and their individual FLSA claims and the Marin case represents 9 employees and their individual FLSA claims. These cases, at this point, are NOT competing lawsuits, are NOT the same matter, and do NOT represent the same interests.

Though not binding here, an 8th Circuit case questioned the validity of the first-to-file rule in regards to FLSA collective action. *Arnold v. DirecTV* refused to follow

the first to file rule claiming that it was "not convinced that the rule is a good fit" for FLSA actions. *Arnold v. DirecTV, Inc.*, 2011 U.S. Dist. LEXIS 22843 (E.D. Mo. Mar. 7, 2011). Further, applying the rule would "limit all potential members of a nationwide class to opt-in to just one in the same collective action"; and such an intention is not implied under the FLSA. *Id.*

### IV. The Court Does Not Have To Adhere to the First-to-File Rule in Instances of Delay

The Court should use its discretion to refuse to apply the first-to-file rule even if it is determined that the cases are substantially similar because any certification of the Marin case has been unreasonably delayed. The Court has the discretion to deny the first-to-file rule in circumstances of extensive delay. *Pippins v. KPMG LLP*, 2011 U.S. Dist. LEXIS 30678 (S.D.N.Y. Mar. 21, 2011). This discretion is in keeping with the first-to-file rule is not a hard and fast rule, rather "it is more accurately characterized as a sound guideline that courts may nevertheless decline to follow where the wise administration of justice so requires." *Fabrics v. Studio Imps. Ltd.*, 2012 US Dist. LEXIS 79424 (S.D.N.Y. June 6, 2012)

In *Pippins*, the Court ruled that even though the first-to-file rule applies, the motion to transfer the action was denied mostly due to the first filed case having stalled for over a year. They also acknowledged special circumstances of convenience for the case continuing in New York, rather than where the initial suit was filed, in California.

In the *Fabrics* case, only a month went by before the Court determined that, due to lack of progress in the case, the latter filed case should preside. In the original case, the Defendant had not yet been served with the Complaint.

4

Presently, the *Marin* case has been going on for over 9 months. In that time, those Plaintiffs have twice amended their complaint and filed the consent to join documents of 9 opt-ins. However, what is noticeably absent from the docket sheet is any motion to conditionally certify the class.

Timing in an FLSA collective action is extremely important. There is only a 2-3 year statute of limitations applicable to these types of actions. A 9 month (and counting) delay before seeking a conditional certification has already excluded potentially 38% of the possible damages in this case. Several, including Ms. Greenaway and Ms. Powery, would already be excluded from a 2 year statute of limitations.

Further delay would only benefit the Defendants without actually affecting the present Plaintiffs in the *Marin* case as they have already tolled their statute of limitations. There is also nothing that would show that the Plaintiffs in the Marin case ever even intend to file their motion for conditional certification. Theoretically, Plaintiffs could wait several more months before even filing a motion for conditional certification. Theoretically, that case could settle to those Plaintiffs already involved without notice *ever* being sent to potential opt ins.

**V.     Alternatively, Plaintiff's Individual Complaint cannot be dismissed**

Plaintiffs complaint cannot be dismissed because it, as yet, only deals with the individual allegations of the two representative Plaintiffs and not of any collective. Plaintiffs have the same right to bring individual suit under the FLSA as any other employee. 29 U.S.C. §216(b). Plaintiffs have validly alleged a cause of action as to their own individual causes of actions. Therefore dismissal on a first-to-file basis only is inappropriate. Plaintiff's individual claims have not been alleged by the Plaintiffs of any other lawsuit.

## VI. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' motion.

Respectfully filed this 26th day of July, 2013

*Dale J. Morgado, Esq.*
Dale James Morgado, Esq.
Feldman Morgado, P.A.
100 North Biscayne Boulevard
29th Floor, Suite 2902
Miami, Florida 33132
T: 305-222-7850
F: 305-384-4676
E: dmorgado@ffmlawgroup.com

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on July 26, 2013, I electronically filed the foregoing with the clerk of the Court by using the *CM/ECF* system which will send a notice of an electronic filing to all parties.

*Dale J. Morgado, Esq.*
Dale James Morgado, Esq.