UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANNESE GREENAWAY and KAREL POWERY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>APPLE-METRO, INC., d/b/a APPLEBEES; ZANE TANKEL and ROY RAEBURN,<br><br>Defendants. | Index No. 13 CV 2818(JS)(ARL) |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS OR TO CONSOLIDATE

LITTLER MENDELSON, PC
A Professional Corporation
Attorneys Defendants
900 Third Avenue
New York, NY 10022

## TABLE OF CONTENTS

|  |  | PAGE |
|---|---|---|
| INTRODUCTION | | 1 |
| ARGUMENT | | 2 |
| A. | The First-to-File Rule Indeed Applies to Fair Labor Standards Act Cases | 2 |
| B. | There Has Been No Unreasonable Delay in the Marin Action Warranting Allowing Plaintiffs' Collective and Class Allegations to Proceed | 4 |
| | 1. Unreasonable Delay is Not a Recognized Exception to the First-to-File Rule | 4 |
| | 2. There Has Been No Unreasonable Delay in the Marin Action | 5 |
| | 3. The Cases Cited by Plaintiffs Are Clearly Distinguishable | 7 |
| C. | Defendants Are Not Seeking Dismissal of Plaintiffs' Individual Claims | 8 |
| CONCLUSION | | 9 |

# TABLE OF AUTHORITIES

PAGE

**CASES**

*Abushalieh v. Am. Eagle Exp., Inc.,*
716 F. Supp. 2d 361 (D. N.J. 2010) ........................................................................ 3

*Adam v. Jacobs,*
950 F.2d 89 (2d Cir. 1991) ..................................................................................... 4

*Arnold v. DirecTV, Inc.,*
2011 U.S. Dist. LEXIS 22843 (E.D. Mo. Mar.7, 2011) ........................................ 2

*Castillo v. Taco Bell of Am., LLC,*
2013 U.S. Dist. LEXIS 37165 (E.D.N.Y. Mar. 18, 2013, J. Wexler) .................. 2, 4

*D.H. Blair & Co. v. Gottdiener,*
462 F.3d 95 (2d Cir. 2006) ..................................................................................... 5

*Emp'rs Ins. of Wausau v. Fox Entm't Group, Inc.,*
522 F.3d 271 (2d Cir. 2008) ................................................................................... 5

*Lebron, et al. v. Apple-Metro, Inc., et al.,*
No. 13-CV-01411 (PKC) ........................................................................................ 6

*Marin, et al. v. Apple-Metro, Inc. et al.,*
Civil Action No. 12-CV-05274 (ENV)(CLP) ........................................................ 1

*Michael Miller Fabrics, LLC v. Studio Imports, Ltd., Inc.,*
2012 U.S. Dist. LEXIS 79424 (S.D.N.Y. June 6, 2012) ......................................... 7

*Oleg Cassini, Inc. v. Serta, Inc.,*
2012 U.S. Dist. LEXIS 33875 (S.D.N.Y. Mar. 13, 2012) .................................. 4, 5

*Ortiz v. Panera Bread Co.,*
2011 U.S. Dist. LEXIS 85463 (E.D.Va. Aug. 2, 2011) .......................................... 3

*Pippins v. KPMG LLP,*
2011 U.S. Dist. LEXIS 30678 (S.D.N.Y. Mar. 21, 2011) ................................... 3, 7

*Prizmic v. Armour,*
2006 U.S. Dist. LEXIS 42627 (E.D.N.Y. June 12, 2006, J. Go) ........................... 8

*Tate-Small v. Saks, Inc.,*
2012 U.S. Dist. LEXIS 76081 (S.D.N.Y. May 31, 2012) .................................. 2, 3

# TABLE OF AUTHORITIES
## (CONTINUED)

PAGE

*Wyler-Wittenberg v. MetLife Homes Loans, Inc.*,
    899 F. Supp. 2d 235 (E.D.N.Y. Oct. 17, 2012, J. Spatt)............................................................2

Defendants Apple-Metro, Inc., Zane Tankel and Roy Raeburn (hereinafter, collectively "Defendants"), submit this reply memorandum of law in support of their motion to dismiss the action filed by Shannese Greenaway and Karel Powery (hereinafter, collectively "Plaintiffs"), or in the alternative, to stay the action or consolidate it with the fundamentally duplicative action, *Marin, et al. v. Apple-Metro, Inc. et al.*, Civil Action No. 12-CV-05274 (ENV)(CLP), currently pending before Judge Vitaliano of this same District Court (hereinafter referred to as the "Marin Action").

## INTRODUCTION

In an attempt to avoid their collective-class action claims from being dismissed, stayed or consolidated with the Marin Action, Plaintiffs present arguments in their opposition papers that find no support in the well-established law surrounding the first-filed rule.[1] Indeed, contrary to Plaintiffs' arguments, the first-to-file rule applies to cases brought under the Fair Labor Standards Act, even where the first lawsuit has not yet been conditionally certified. Additionally, although there has been absolutely no "unreasonable delay" in the Marin Action, neither the Second Circuit nor any district courts within the Second Circuit recognize such an exception to the rule's application. Yet, rather than accept the consequences of the fact that their collective-class action claims represent the third attempt to bring the same causes of action against Defendants, on behalf of the same putative class, Plaintiffs would have two judges in the same District Court preside over two mirror-image putative collective-class actions. Plaintiffs apparently lack regard for the time and resources of the Court and parties.

---

[1] Although there may be some confusion as to the scope of allegations Defendants' motion seeks to dismiss, Defendants wish to make clear that they are seeking only to dismiss, stay or consolidate Plaintiffs' collective-class action claims. Defendants understand that Plaintiffs can continue to pursue their individual claims.

Plainly stated, Plaintiffs have failed to set forth any valid reason for the Court not to apply the first-filed rule to their collective-class action claims. As such, this Court should dismiss the collective-class action claims of this later-filed action pursuant to the first-filed rule, or in the alternative, stay the action or consolidate it with the Marin Action.

## ARGUMENT

### A. The First-to-File Rule Indeed Applies to Fair Labor Standards Act Cases

Plaintiffs take the unsupported position that the first-to-file rule is not appropriate in Fair Labor Standards Act (FLSA) collective action cases. (Pl. Br. at 2)[2] Not surprisingly, Plaintiffs do not cite any support for this proposition, except for a single decision issued by a district court in Missouri, *Arnold v. DirecTV, Inc.*, 2011 U.S. Dist. LEXIS 22843, at *12-13 (E.D. Mo. Mar.7, 2011), where the court questioned the application of the first-to-file rule --- a rule of comity between federal district courts --- because the purported first-filed case was not removed from state court to federal court until after the purported second-filed case was filed in federal court. Thus, the purported second-filed case was actually the first-filed in federal court.

Far from inapplicable, the first-to-file rule is particularly appropriate in the context of competing FLSA collective actions. Within this Circuit and otherwise, federal district courts have consistently applied the first-to-file rule to overlapping FLSA collective actions. *See e.g., Castillo v. Taco Bell of Am., LLC*, 2013 U.S. Dist. LEXIS 37165, at *8-9 (E.D.N.Y. Mar. 18, 2013, J. Wexler) (granting motion to dismiss the FLSA collective and class claims in favor of a prior action which asserted substantially similar claims for overtime compensation on behalf of substantially similar class of plaintiffs); *Wyler-Wittenberg v. MetLife Homes Loans, Inc.*, 899 F. Supp. 2d 235, 247 (E.D.N.Y. Oct. 17, 2012, J. Spatt) (applying the first-to-file rule to FLSA

---

[2] References to Plaintiffs' Response In Opposition to Defendants' Motion to Dimiss ("Plaintiffs' Motion"), Docket Entry #12, are cited as "Pl. Br. at _."

action found to be duplicative of earlier FLSA actions filed in a different district); *Tate-Small v. Saks, Inc.*, 2012 U.S. Dist. LEXIS 76081 (S.D.N.Y. May 31, 2012) (applying the first-to-file rule to later-filed putative FLSA collective action); and *Ortiz v. Panera Bread Co.*, 2011 U.S. Dist. LEXIS 85463 (E.D.Va. Aug. 2, 2011) (same). Contrary to Plaintiffs' position, federal district courts have applied the first-to-file rule even before collective action certification has occurred. *See, e.g., Abushalieh v. Am. Eagle Exp., Inc.*, 716 F. Supp. 2d 361, 366 (D. N.J. 2010) ("The Court sees no need to wait until a decision is made on a motion for class certification in *Spellman* before applying the first-filed rule, because both cases are already being litigated on behalf of the same set of proposed plaintiffs, making the parties 'essentially the same.'") (citations omitted); *See Cf., Tate-Small*, 2012 U.S. Dist. LEXIS 76081 at *10-11 (applying the first-to-file rule before a decision had been issued on whether to conditionally certify the first-filed action).

The fact that neither the Marin Action nor the instant action has been conditionally certified does not, as Plaintiffs contend, render the two cases completely different so as to make application of the first-to-file rule inappropriate. In fact, application of the rule could not be any more appropriate here. Both cases assert the same claims (*i.e.*, unpaid wages) against the same defendants, and seek to represent the same putative class (*i.e.*, former and current non-exempt employees of Defendants). "Where each set of named plaintiffs intends to represent the other set, the underlying principles of the first-filed rule apply." *Pippins v. KPMG LLP*, 2011 U.S. Dist. LEXIS 30678, *9 (S.D.N.Y. Mar. 21, 2011) (internal quotations omitted) (citing to *Abushalieh*, 716 F. Supp. 2d at 366).

Plaintiffs' alternatively assert that because neither case has been conditionally certified, their case should somehow be excepted from the first-to-file rule. (Pl. Br. at 2.) This argument finds no support in the law. While Plaintiffs had the liberty of

pursuing their wage claims individually, they did not. They have brought their action as a putative collective-class action, and by doing so, they have subjected the collective-class action allegations of their complaint to dismissal pursuant to the first-filed rule. *See Castillo*, 2013 U.S. Dist. LEXIS 37165, at *9-10 (after dismissing the collective-class action claims pursuant to the first-filed rule, the Court noted that the plaintiff was "free to pursue his individual claim in the context of this lawsuit.") Under the scenario that Plaintiff paints --- that the first-filed rule should not apply to any FLSA collective actions until the class is certified --- Defendants would be required to simultaneously defend against an endless number of putative collective actions over the same claims, and on behalf of the same class, until one set of plaintiffs was finally successful in conditionally certifying the case. This is exactly the type of unnecessary and duplicative litigation the first-filed rule seeks to prevent.

### B. There Has Been No Unreasonable Delay in the Marin Action Warranting Allowing Plaintiffs' Collective and Class Allegations to Proceed

Plaintiffs argue that this Court should not apply the first-to-file rule to their collective and class action claims because the Marin Action has been "unreasonably delayed." (Pl. Br. at 4) Plaintiff's argument lacks merit for several reasons. First, "unreasonably delay" is not a recognized exception to the first-to-file rule. Second, Plaintiffs' allegations of "unreasonable delay" are simply not true.

#### 1. Unreasonable Delay is Not a Recognized Exception to the First-to-File Rule

Because parties should be free from the vexation of concurrent litigation over the same subject matter, there is a strong presumption that the later lawsuit will be dismissed in favor of the first-filed lawsuit. *Oleg Cassini, Inc. v. Serta, Inc.*, 2012 U.S. Dist. LEXIS 33875, at *8 (S.D.N.Y. Mar. 13, 2012) (citing to *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991)). The party opposing dismissal bears the burden of overcoming the presumption by showing that (i) the

balance of convenience clearly favors the second-filed action,[3] or (ii) special circumstances warrant giving priority to the second-filed lawsuit.[4] *Id; see also Emp'rs Ins. of Wausau*, 522 F.3d at 275. These are the only exceptions the Second Circuit has recognized to the first-to-file rule, and as stated in Defendants Memorandum in Support of their Motion to Dismiss, neither exception applies to the instant case.

### 2. There Has Been No Unreasonable Delay in the Marin Action

Contrary to Plaintiffs' argument, the Marin Action is progressing at a more than reasonable pace, particularly in light of the multiple developments in the case, including the consolidation of a duplicative action.

The Marin Action was commenced on October 22, 2012. *See* Declaration of Craig R. Benson, Esq. dated August 2, 2013 ("Benson Dec."), ¶ 2; Marin Action, Docket Entry #1. On March 12, 2013, the Marin Plaintiffs filed an amended complaint, which Defendants answered on March 29, 2013. *See* Benson Dec., ¶ 3; Marin Action, Docket Entries #8, #15. Soon thereafter, the parties exchanged initial disclosures. *See* Benson Dec., ¶ 4. Subsequently, on April 17, 2013, the parties appeared for an initial conference before Magistrate Judge Cheryl L. Pollak. *See* Benson Dec., ¶ 5. At the conference, Magistrate Pollak So Ordered a discovery schedule through June 17, 2013. *See* Benson Dec., ¶ 5; Marin Action, Docket Entry # 17. After

---

[3] The Second Circuit has stated that the factors relevant to the balance of convenience analysis are essentially the same as those considered in connections with motions to transfer venue pursuant to 28 U.S.C. §1404(a). *Emp'rs Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008). Among those factors are: 1) the plaintiff's choice of forum, (2) the convenience of the witnesses, (3) the location of relevant documents and relative ease of access of sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties. *Id.*(*citing to D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006)

[4] Courts in the Second Circuit have identified only two situations that merit a finding of special circumstances: (1) where the first-filed lawsuit constitutes an improper anticipatory filing or one made under apparent threat of a presumed adversary filing the mirror image of that suit in a different federal district; and (2) where forum shopping *alone*motivated the choice of the situs of the first suit. *Oleg Cassini, Inc.*, 2012 U.S. Dist. LEXIS 33875, at *12 (citations omitted).

the initial conference, the parties complied with the discovery schedule, including serving discovery requests and interrogatories on one another. *See* Benson Dec., ¶ 6.

Separately, on March 1, 2013, Kenny Lebron and Martina Hanisch filed their own collective-class action against Defendants in the United States District Court for the Southern District of New York, asserting the same claims and seeking to represent the same individuals as those in the Marin Action. *See Lebron, et al. v. Apple-Metro, Inc., et al.*, No. 13-CV-01411 (PKC) (hereinafter referred to as the "Lebron Action"), Lebron Acton. Docket Entry #1. After the Lebron Action plaintiffs amended their complaint, Defendants requested permission to file a motion to dismiss based on the first-to-file rule. *See* Benson Dec., ¶¶ 8, 9; Lebron Action, Docket Entry #8, #13. After receiving Defendants' letter, District Court Judge P. Kevin Castel issued an Order requesting an explanation from the Lebron Action plaintiffs why their collective and class action allegations should not be dismissed pursuant to the first-filed rule. *See* Benson Dec., ¶ 9; Lebron Action, Docket Entry #13. In response to the Judge's request, the Lebron Action plaintiffs voluntarily dismissed their action, and opted to consolidate it with the first-filed Marin Action. *See* Benson Dec., ¶ 9; Lebron Action, Docket Entry #14, #15, #16.

Thereafter, by letter dated June 13, 2013, the Marin Action plaintiffs proposed an amended discovery schedule to the Court, which included dates (i) to amend the complaint to include the Lebron Action plaintiffs and allegations, (ii) for Defendants to answer the amended complaint, (iii) for the parties to serve discovery requests and (iv) for the parties to respond to each other's discovery requests. *See* Benson Dec., ¶ 10; Marin Action, Docket Entry #19. On June 14, 2013, Judge Pollak So Ordered the proposed amended discovery schedule. *See* Benson Dec., ¶ 10; Marin Action, Docket Entry #20. Subsequently, Defendants answered the amended

the complaint. *See* Benson Dec., ¶ 11. The parties are currently engaged in discovery in accordance with the Court's schedule. *See* Benson Dec., ¶ 12.

As is evident from the foregoing, there has been no "unreasonable delay" in the Marin Action. The parties have filed their pleading, and amended pleadings, consolidated the Marin Action with another (duplicative) action, exchanged disclosures and served written discovery on one another.

### 3. The Cases Cited by Plaintiffs Are Clearly Distinguishable

The cases cited by Plaintiffs, *Michael Miller Fabrics, LLC v. Studio Imports, Ltd., Inc.*, 2012 U.S. Dist. LEXIS 79424 (S.D.N.Y. June 6, 2012) and *Pippins*, 2011 U.S. Dist. LEXIS 30678, for support of their "unreasonable delay" argument are clearly distinguishable from the instant case. (Pl. Br. at 4) In *Michael Miller Fabrics, LLC,* the Court allowed the second-filed action to proceed; not because of a "lack of progress" as Plaintiffs represent, but because the case involved the filing of an improper anticipatory declaratory judgment action – a recognized "special circumstances" exception to the first-to-file rule. *Michael Miller Fabrics, LLC*, 2012 U.S. Dist. LEXIS 79424 at *15-17. Indeed, the first action was filed in response to a direct threat of litigation days earlier. *Id.* That is not the case here.

In *Pippins*, the Court allowed the second-filed lawsuit to proceed because the balance of convenience weighed in favor of the second lawsuit – another recognized exception to the first-to-file rule. *Pippins*, 2011 U.S. Dist. LEXIS 30678 at *11. However the *Pippin* court noted that the presumption in favor of applying the first-to-file rule was "diminished" because there had been no significant progress in the case for almost four years, particularly because the case had a current stay on it for almost two years. *Id.* at *10. Those considerations do not exist here. Here, the Marin Action was filed nine months ago, and meaningful progress has followed, including the consolidation of two putative collective-class actions. Presumably, the Marin Action

plaintiffs have not yet moved for conditional certification because they recognize the need to take some reasonable amount of discovery to support such a motion, rather than rely on skeleton affidavits bereft of any detail or specificity on how plaintiffs are purportedly similarly situated to the entire class, as Plaintiffs recently did. *See Prizmic v. Armour*, 2006 U.S. Dist. LEXIS 42627, at *7-8 (E.D.N.Y. June 12, 2006, J. Go) (denying conditional certification for failure to meet the minimal factual showing).

### C. Defendants Are Not Seeking Dismissal of Plaintiffs' Individual Claims

With this motion, Defendants are seeking only to dismiss, stay, or consolidate, Plaintiffs' collective-class action claims. Defendants understand that Plaintiffs can continue to pursue their individual claims. Defendants respectfully submit, however, that for the reasons set forth above and in Defendants original moving papers, Plaintiffs should not be permitted to pursue their putative collective-class action claims because they are the third set of plaintiffs to bring such claims on behalf of the same putative class, and the first-filed rule provides that, in the interests of judicial efficiency, consistency, comity and to avoid duplicative litigation, the first-filed action has priority to bring such a lawsuit.

## CONCLUSION

For the foregoing reasons and those stated in Defendants' original moving papers, Defendants respectfully request that this Court apply the first-to-file rule and dismiss Plaintiffs' Complaint without prejudice, or in the alternative, stay this litigation or consolidate it with the Marin Action.

Date: August 2, 2013
New York, New York

/s/ *Craig R. Benson*
Craig R. Benson
cbenson@littler.com
George B. Pauta
gpauta@littler.com
Robert A. Cirino
rcirino@littler.com
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022.3298
212.583.9600

Attorneys for Defendants