UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHANNESE GREENAWAY and KAREN
POWERY, individually and on behalf of all
others similarly situated,

                                                                     **MEMORANDUM & ORDER**

                           Plaintiff,

                                                                     13-cv-2818 (ENV) (CLP)

      -against-

APPLE-METRO, INC. d/b/a APPLEBEES,
ZANE TANKEL and ROY RAEBURN,

                         Defendants.
------------------------------------------------------------x

VITALIANO, D.J.,

On May 10, 2013 plaintiffs filed this action against defendants Apple-Metro, Zane Tankel and Roy Raeburn, arising out of defendants' operation of Applebee's Bar & Grill franchises in New York City. Plaintiffs styled this case as a collective-class action, seeking allegedly unpaid wages pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law on behalf of themselves and "all persons who were employed by the Defendants . . . as Hostesses and Waitresses/Waiters and other comparable positions with different titles." (Compl. ¶ 20.) By motion dated July 12, 2013 defendants move to dismiss the collective-class action claims,[1] noting that a duplicative action, *Marin, et al., v. Apple-Metro, Inc., et al.*, 12-cv-5274 (ENV) ("Marin Action"), is already pending before this Court. Indeed, in the Marin

---

[1] Defendants do not seek dismissal of plaintiffs' individual claims. (*See* Def. Reply Mem. of Law at n. 1.) Accordingly, the Court does not address the validity of plaintiffs' individual claims here.

1

Action, which was filed on October 22, 2012—more than six months prior to the instant action—plaintiffs brought claims seeking essentially the same relief against defendants on behalf of the same class: all "[c]urrent and former employees [of Applebee's] who perform or performed work in any of Defendants locations as non-managerial employees." (*Marin* Second Amended Complaint, ¶ 61.)

On July 26, 2013, plaintiffs filed their opposition to defendants' motion to dismiss and simultaneously cross-moved to conditionally certify this case as a class action. Plaintiffs concede that the allegations, claims and defendants in this action are the same as those in the Marin Action, but contend that the Court should decline to dismiss this action because plaintiffs in the Marin Action are proceeding too slowly. For the reasons discussed below, the cross-motion is denied and defendants' motion to dismiss the collective claims is granted.

## Analysis

Under the "first-filed" rule, "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 243 (E.D.N.Y. 2013) (quoting *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989)); *Taylor v. Rodriguez*, 238 F.3d 188, 197 (2d Cir. 2001) ("In administering its docket, a district court may dismiss a second suit as duplicative of an earlier suit."). This rule "promotes wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Wyler-Wittenberg* at 244. "[A]pplication of the rule does not require *identical* parties in the cases, but merely requires

substantial overlap." *Id.* (emphasis in original) (citation omitted). Here, there can be no dispute that this action substantially overlaps with the Marin Action: the two cases are collective-class actions and involve identical claims, allegations and defendants.[2] As a result, the instant action must be dismissed absent a showing by plaintiffs that the "balance of convenience" or "special circumstances" dictates otherwise.

Plaintiffs advance two reasons why the Court should depart from the first-filed rule; both are unpersuasive at best and frivolous at worst. First, plaintiffs assert that the first-filed rule does not apply to FLSA cases. This is patently erroneous. To the contrary, federal district courts have consistently applied the first-filed rule to overlapping FLSA collective actions. *See, e.g., Wyler-Wittenberg* at 247; *Castillo v. Taco Bell of Am.*, LLC, 2013 U.S. Dist. LEXIS 37165, at *8-9 (E.D.N.Y. 2013); *Tate-Small v. Saks Inc.*, 2012 U.S. Dist. LEXIS 76081 (S.D.N.Y. 2012).

Second, plaintiffs contend that an alleged lack of activity by plaintiffs in the Marin Action—including their alleged failure to move for class certification—warrants their displacement in favor of the instant proposed class representatives. Overlooked in the shuffle is the pre-existing pretrial management of the Martin

---

[2] Notably, on March 1, 2013 a separate set of plaintiffs filed a collective-class action against the same defendants before Judge Castel in the Southern District of New York. *See Lebron, et al. v. Apple-Metro, Inc., et al.*, 13-cv-1411 ("Lebron Action"). Judge Castel issued an Order requesting an explanation as to why the case should not be dismissed pursuant to the first-filed rule. (*Lebron Action*, Dkt. # 13.) In response, the Lebron Action plaintiffs voluntarily dismissed their action.

Action, which now includes the filing by the plaintiffs of a motion for class certification, and the ordering of a schedule that anticipates a fully briefed submission on or before January 20, 2014. (*See Marin Action* Dkt. # 34.) More fundamentally, there is absolutely nothing to suggest that the Marin Action is proceeding at an inappropriately slow pace. Quite the opposite, the parties there have been engaged in active litigation, including appearances at multiple scheduling conferences before Magistrate Judge Cheryl L. Pollack; the establishment of a discovery schedule; and the filing of an amended complaint. Disclosure is more than underway. The fact that the Martin plaintiffs chose not to be the bull in the China shop and to wait until discovery was underway before moving for class certification is neither unusual, nor, certainly, should it be a ground for criticism or be deemed a "special circumstance" that would warrant departing from the first-filed rule. Manifestly, plaintiffs in this action have failed utterly in their effort to convince the Court that the ordinary priority that would be accorded to first-filing plaintiffs like the Martin plaintiffs should be disregarded in their favor. It is the instant putative collective claims, and not those that brought by the Martin plaintiffs, that warrant an early demise.

## Conclusion

In line with the foregoing, defendants' motion to dismiss plaintiffs' collective class action claims is granted, and plaintiffs' cross motion for class certification is denied.

SO ORDERED.

Dated: Brooklyn, New York
November 11, 2013

s/ ENV

_____
ERIC N. VITALIANO
United States District Judge